IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION

NO. 5:11-HC-2179-FL

| | | |
|---|---|---|
| KENNETH L. DAGLEY | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| TRACY W. JOHNS, | ) | |
| | ) | |
| Respondent. | ) | |

The matter is before the court on the motion to dismiss, or in the alternative, for summary judgment (DE #7) of respondent Tracy W. Johns ("respondent").[1] The matter also is before the court on petitioner's motion to dismiss, or in the alternative, for summary judgment (DE # 13) submitted in response to respondent's motion for summary judgment. Respondent did not respond to petitioner's motion. In this posture, the matters are ripe for adjudication. For the foregoing reasons, the court grants respondent's motion, and denies petitioner's motion.

## STATEMENT OF THE CASE

On September 16, 2011, petitioner filed this pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, requesting that the court order the Bureau of Prisons ("BOP") to consider him for a twelve (12) month designation to a Residential Re-Entry Center ("RRC') pursuant to 18 U.S.C. § 3621. Respondent filed a motion for summary judgment arguing that the petition should be denied because petitioner failed to exhaust administrative remedies. In response, petitioner submitted a motion to dismiss, or in the alternative, for summary judgment, to which respondent did not respond.

---

[1] Because respondent attached matters that are outside of the pleadings, respondent's motion will be construed as a motion for summary judgment.

## DISCUSSION

A.  Standard of Review

Summary judgment is appropriate when there exists no genuine issue of material fact, and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); Anderson v. Liberty Lobby, 477 U.S. 242, 247 (1986). The party seeking summary judgment bears the burden of initially coming forward and demonstrating an absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). Once the moving party has met its burden, the nonmoving party then must affirmatively demonstrate that there exists a genuine issue of material fact requiring trial. Matsushita Elec. Industrial Co. Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986). There is no issue for trial unless there is sufficient evidence favoring the non-moving party for a jury to return a verdict for that party. Anderson, 477 U.S. at 250.

B.  Analysis

Respondent contends that petitioner's § 2241 claim should be dismissed because he failed to exhaust his administrative remedies. A federal prisoner challenging the execution of his sentence must exhaust administrative remedies before seeking review in federal court pursuant to § 2241. See Woodford v. Ngo, 548 U.S. 81, 88-89 (2006); Arce v. Warden, FCI-Williamsburg, 411 F. App'x 651 (4th Cir. Feb. 18, 2011); McClung v. Shearin, 90 F. App'x 444, 445 (4th Cir. 2004) (per curiam). The BOP provides a sequential administrative process to address prisoner complaints. See 28 C.F.R. §§ 542.13-.15. The purpose of the exhaustion process is to provide an opportunity to resolve the dispute without the burdens of litigation. See Moscato v. Fed. Bureau of Prisons, 98 F.3d 757, 761-62 (3d Cir. 1996). Exhaustion may only be excused where a petitioner establishes cause and prejudice. See Coleman v. Thompson, 501 U.S. 722, 750 (1991); Waye v. Murray, 884 F.2d 765, 766 (4th Cir. 1989).

Petitioner concedes in his petition that he failed to exhaust his administrative remedies before filing this action. Petitioner explains that he has not pursued administrative remedies for his claim because it would be futile. Exhaustion of administrative remedies may be excused when a petitioner establishes that exhaustion would be futile. United States v. Strickland, No. 7:98-CR-82-5-F(1), 2004 WL 3414644, at *1 (E.D.N.C. Aug. 9, 2004), aff'd, 126 F. App'x 116, 117 (4th Cir. 2005) (per curiam). Petitioner bears the burden of demonstrating futility. See Fuller v. Rich, 11 F.3d 61, 62 (5th Cir. 1994) (per curiam). Exhaustion is futile if there has been "a prior indication from the agency that it does not have jurisdiction over the matter or it has evidenced a strong position on the issue together with an unwillingness to reconsider." Strickland, 2004 WL 3414644, at *1 (citing James v. United States Dep't of Health & Human Servs., 824 F.2d 1132, 1139 (D.C. Cir. 1987).

Petitioner, in part, bases his futility claim on the fact that if he exhausted his administrative remedies prior to filing this action, he could not reap the benefit of the full twelve (12) month RRC placement. However, the exhaustion requirement is not excused simply because an inmate believes that the timing of the exhaustion process will prevent him from receiving his full RRC placement. White v. Stephens, No. 10-HC-2010-D, 2010 WL 7765704 (E.D.N.C. Feb. 8, 2010), aff'd, 396 F. App'x 911 (4th Cir. 2010); Arbaugh v. Berkebile, No. 5:10-0528, 2010 WL 5481198, * 4 (S.D.W. Va. Nov. 8, 2010) (finding that "[e]xaustion of administrative remedies is not rendered futile simply because an inmate anticipates he will be unsuccessful in his administrative appeals before the 12-month pre-release mark.")) (citations omitted).

Petitioner next makes the conclusory allegation that his unit team at the Federal Correctional Institution at Butner "has shown a clear and inflexible policy on this issue. . . ." Petr.'s Mot. for Summary J. pp. 4-5. However, a petitioner's conclusory prediction of failure is not sufficient to excuse his lack of administrative exhaustion. See Thetford Properties IV Ltd. Partnership v. U.S.

Dept. of Housing and Urban Development, 907 F.2d 445, 450 (4th Cir. 1990); see McKnight v. Whitehead, No. WDQ-10-1026, 2010 WL 1780135, *2 (D. Md. Apr. 28, 2010). Additionally, petitioner's own filings reflect that the United States Department of Justice has directed BOP staff to consider inmate requests for transfer to RRCs when more than twelve months remain on an inmate's projected release date. Pet. Attach. Therefore, petitioner has failed to meet his burden of establishing the futility of administrative review. Additionally, petitioner has not shown that he personally was prevented in any way from filing a grievance on the issue. Nor has he demonstrated any other grounds to establish cause or prejudice necessary to excuse the failure to exhaust administrative remedies. Thus, petitioner's § 2241 petition is DISMISSED without prejudice to allow him the opportunity to exhaust his administrative remedies.

## CONCLUSION

Respondent's motion to dismiss, or in the alternative, for summary judgment (DE # 7) for failure to exhaust administrative remedies is GRANTED, and the matter is DISMISSED without prejudice. Because the court granted respondent's motion, the court DENIES as moot petitioner's motion to dismiss, or in the alternative, motion for summary judgment (DE 13). The Clerk of Court is DIRECTED to close this case.

SO ORDERED, this 3rd day of July, 2012.

LOUISE W. FLANAGAN
United States District Judge